**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**TIMOTHY W. G. GIPSON,**

      **Plaintiff,**

                            **Case No. 1:26-cv-531**

      **v.**

                              **JUDGE DOUGLAS R. COLE**

**HAMILTON COUNTY, OHIO, et al.,**     **Magistrate Judge Litkovitz**

      **Defendants.**

## OPINION AND ORDER

In her June 4, 2026, Report and Recommendation (R&R, Doc. 4, #121), Magistrate Judge Litkovitz recommends the Court remand Plaintiff Timothy Gipson's action because the removal was improper. For the reasons discussed briefly below, the Court agrees with and **ADOPTS** the recommendation (Doc. 4) and **REMANDS** the case back to the Hamilton County Court of Common Pleas.

## BACKGROUND

On February 4, 2026, Gipson filed a writ of mandamus action against a host of Hamilton County public officials in the Hamilton County Court of Common Pleas. (Doc. 3-1, #68 (state court complaint)). He summarizes the main reasons for seeking a writ as follows:

> The Gipson[s][1] are asking for MAX penalties for Hamilton County Public Officials or employees of Hamilton County Ohio for failure to act causing harm and gross emotional distress and property damage to the

---

[1] His handwritten petition for writ of mandamus in the state court purports to be filed on behalf of "Timony W.G. Gipson Et. Al." (Doc. 1-3). In it, he refers to "the Gipson's," which he appears to be using in place of the plural "Gipsons." (*Id.*). His motion for leave to proceed in formal pauperis, however, applies only to him. (*See* Doc. 1). And the Court is not entirely clear what additional persons he includes as plaintiffs in this action.

Gipson[s]. [F]or dereliction of duty by county public officials['] failure to act upon Ohio Attorney General Dave Yost CID Matter No. 1938752 regarding County employees obstructing justic[e], court records [sic] multiple matters regarding different individuals. Specifically Andre Curry causing harm and gross emotional distress and property damage due to public officials fail[ure] to act causing harm, court records not sent to O.D.R.C. and A.P.A. aloud [sic] parolees to run (free) unsupervis[ed] causing negligent inf[l]iction of crime in Hamilton County Ohio, in the last year 5 shooting[s] in downtown Cincinnati Ohio unsupervis[i]on [of] parolees and one killing in O.T.R. gym owner public officials failing duty of loyalty to the citizens of Hamilton County Ohio.

(*Id.* at #70).

After some briefing in state court, (*see id.* at #107–18), Gipson (who, recall, is the plaintiff) decided to move the case to federal court. He first moved for leave to proceed in forma pauperis on May 29, 2026, (Doc. 1), which Magistrate Judge Litkovitz granted, (Doc. 2). So on June 4, 2026, his notice of removal was docketed. (Doc. 3).

That same day, though, the Magistrate Judge issued an R&R concluding that remand was necessary because Gipson, as plaintiff, could not remove the case to federal court. (Doc. 4, #120–21). Rather, she explained, only defendants can do so. (*Id.*). The R&R also advised Gipson that he had fourteen days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #122 (first citing *Thomas v. Arn*, 474 U.S. 140 (1985); and then citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981))).

Gipson did not exactly object to the Magistrate Judge's analysis. Instead, he filed a Motion for Extension of Time (Doc. 6). That title is somewhat misleading, though, because Gipson actually requests to voluntarily dismiss the state court case and to "re-file it directly in the appropriate U.S. District Court." (*Id.* at #174). Gipson

2

further cites to Federal Rule of Civil Procedure 41(a)(1) and 60(b), which apply to voluntary dismissals and to relief from judgment, respectively. (*Id.*).

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). For unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to such review. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, while Gipson filed a motion in response to the R&R, he did not object to any of the Magistrate Judge's analysis. (*See* Doc. 6). Thus, Gipson has not specifically objected to the R&R to merit de novo review. And, having reviewed the R&R, the Court finds no clear error. The Court agrees that, as the plaintiff, Gipson cannot remove his own case from state court to federal court. As the Magistrate Judge correctly noted, the removal statute states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court." (Doc. 4, #120

(emphasis in original) (citing 28 U.S.C. § 1441(a))). Based on that statutory language, "it is clear that the privilege of removal extends only to *defendants*, and not to *plaintiffs*." *McCane v. McCane*, 47 F. Supp. 2d 848, 851 (E.D. Mich. 1999) (emphasis in original) (first citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); and then citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)); *see also Fontain v. Sandhu*, No. 1:22-cv-124, 2022 WL 3097511, at *2 (S.D. Ohio Aug. 4, 2022) (citation omitted) ("[T]he plaintiff in a state court action is not authorized to remove a case from state to federal court under § 1441(a)."). Accordingly, because it was the plaintiff who attempted to remove, this case falls outside the Court's removal jurisdiction, so the Court must remand it to state court.

Beyond that, by way of brief response to Gipson's motion, this Court notes that it does not have the authority to dismiss a state court action, whether the plaintiff wishes to have that action dismissed or not. If Gipson still wishes to dismiss this case from state court, he may attempt to do so in the Hamilton County Court of Common Pleas upon remand.

## CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the R&R (Doc. 4) and **REMANDS** the case to the Hamilton County Court of Common Pleas. Additionally, the Court **DENIES** Gipson's motion, (Doc. 6), and **DIRECTS** the Clerk to **TERMINATE** this case on its docket.

**SO ORDERED.**


July 8, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

5